THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

CASE No.:

---

BRUCE ARISTEO,
Plaintiff *pro se*,

v.

JODY RAINES; WEBMARCOM LLC; MICHELE MOKEN; DEBORAH
FERGUSON; JOSEPH COLOZZI; JUDITH WESCOAT; MICHAEL S. FRIEDMAN;
JAMIE G. FRIEDMAN; YARON HELMER; JAMES M. CONLEY; KRISTA B.
TRANI; THE FIRM OF HELMER, CONLEY & KASSELMAN, P.A.; TOWNSHIP OF
EVESHAM; EVESHAM TOWNSHIP POLICE DEPARTMENT; MICHAEL
DEGREGORIO; JOSEPH FRIEL; TOWNSHIP OF VOORHEES; VOORHEES
TOWNSHIP POLICE DEPARTMENT; APRIL HERRINGTON; JOSEPH GONNION;
LOUIS BORDI; COUNTY OF CAMDEN; CAMDEN COUNTY OFFICE OF THE
PROSECUTOR; LAURIE A. CORSON; DAVID LICK; CHRISTOPH AULETTO;
MICHAEL SNYDER; WILLARD MAHAN; TRACY A. COGAN; MARY KAY BAKER;
DAVID S. OWENS JR.; GARY M. LANIGAN; CAMDEN COUNTY DEPARTMENT
OF CORRECTIONS; CAMDEN COUNTY CORRECTIONAL FACILITY;
CORRECTIONAL OFFICER DOE 1-10; and JOHN DOE 1-10;
Defendants.

---

CIVIL ACTION
COMPLAINT

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Bruce Aristeo, acting *pro se,* complains of Defendants as follows

and **demands a jury trial** pursuant to Fed. R. Civ. P. 38 and 39:

## I. INTRODUCTION

1.     Plaintiff Bruce Aristeo brings this complaint for violations of his

rights and individual liberty protected under the United States Constitution,

Article I of the New Jersey Constitution, and the New Jersey Civil Rights Act. As well as all applicable state causes of action.

2.    Conduct prior to January 2013 is complained of for reasons that: (1) the conduct is within actionable time limitations, (2) the conduct is continuous, or (3) the conduct was concealed and/or is intrinsic fraud wherefore the wrongful acts prevented Plaintiff Bruce Aristeo from asserting his claims.

## II. JURISDICTION

3.    This Court has original over the causes of action pursuant to 15 U.S.C., 17 U.S.C., 28 U.S.C. § 1331, 1343(a) et seq., 1367(a), and 2201; and 42 U.S.C. 1983.

## III. VENUE

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, on the grounds that the events set forth herein occurred in this District.

5.    There is an actual controversy between Plaintiff and Defendants within the meaning of the Declaratory Judgment Act 28 U.S.C. et seq., and Fed. R. Civ. P. 57.

## IV. PARTIES

6.    Plaintiff Bruce Aristeo is and at all relevant times an adult citizen who resides in Burlington County, the State of New Jersey.

7.    Defendant Jody Raines is and at all relevant times of the events complained of herein an adult citizen residing in Camden County, the State of New Jersey.  To that end, Defendant Raines is sued in her individual capacity.

2

8.     Defendant Webmarcom LLC a business entity owned and operated by Raines at her home address of 3 Bradford Way Township of Voorhees, Camden County, New Jersey.  To that end, Defendant Webmarcom is sued in its individual capacity.

9.     Defendant Michele Moken is and at all relevant times of the events complained of herein an adult citizen residing in Camden County, the State of New Jersey.  To that end, Defendant Moken is sued in her individual capacity.

10.    Defendant Deborah Ferguson is and at all relevant times of the events complained of herein an adult citizen residing in Burlington County, the State of New Jersey.  To that end, Defendant Ferguson is sued in her individual capacity.

11.    Defendant Joseph Colozzi is and at all relevant times of the events complained of herein an adult citizen residing in New Providence, the State of Pennsylvania.     To that end, Defendant Colozzi is sued in his individual capacity.

12.    Defendant Judith Wescoat is and at all relevant times of the events complained of herein an adult citizen residing in Salem County, the State of New Jersey.     To that end, Defendant Wescoat is sued in her individual capacity.

13.    Defendant Helmer, Conley & Kesselman, P.A. ("Law Firm") was, at all times relevant to this Complaint, and was duly registered in the State of New Jersey.

14.     Defendant Yuron Helmer, Esq. was, at all times relevant to this Complaint, and is a duly appointed member of the New Jersey Bar. Defendant Mr. Helmer is sued in his individual capacity.

15.     Defendant James M. Conley, Esq. was, at all times relevant to this Complaint, and is a duly appointed member of the New Jersey. Defendant Mr. Conley is sued in his individual capacity.

16.     Defendant Krista B. Trani, Esq. was, at all times relevant to this Complaint, and is a duly appointed member of the New Jersey Bar. Defendant Ms. Trani is sued in her individual capacity.

17.     Defendant Evesham Township of is a body politic operating under the laws of the State of New Jersey and operates the Evesham Police Department.

18.     Defendant Evesham Township Police Department ("ETPD") is the primary, local law enforcement agency in Marlton, Evesham Township, New Jersey. It is charged with doing justice and enforcing the penal code, among other responsibilities.

19.     Defendant Joseph Friel was, at all times relevant to this Complaint, a duly appointed and acting police officer of the ETPD with the rank of Sergeant. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Evesham Township and the State of New Jersey. Defendant Mr. Friel is sued in his individual capacities.

20.     Defendant Michael DeGregorio was, at all times relevant to this Complaint, a duly appointed and acting police officer of the ETPD. As such, he

4

acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Evesham Township and the State of New Jersey. Defendant Mr. DeGregorio is sued in his individual capacities.

21.     Defendant Voorhees Township of is a body politic operating under the laws of the State of New Jersey and operates the Voorhees Police Department.

22.     Defendant Voorhees Township Police Department ("VTPD") is the primary, local law enforcement agency in Voorhees, New Jersey. It is charged with enforcing the penal code, among other responsibilities.

23.     Defendant Michael S. Friedman, Esq. was, at all times relevant to this Complaint, and is a duly appointed member of the New Jersey Bar. Defendant Mr. Friedman holds a seat as a Voorhees Committeeman governing law enforcement in Voorhees Township. Defendant Mr. Friedman sued in his individual capacity.

24.     Defendant Jamie G. Friedman, Esq. was, at all times relevant to this Complaint, and is a duly appointed member of the New Jersey Bar. Defendant Ms. Friedman is sued in her individual capacity.

25.     Defendant April Herrington was, at all times relevant to this Complaint, a duly appointed and acting police officer of the VTPD. As such, she acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Voorhees Township and the State of New Jersey. Defendant Ms. Herrington is sued in her individual capacities.

26. Defendant Joseph Gonnion was, at all times relevant to this Complaint, a duly appointed and acting police officer of the VTPD. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Voorhees Township and the State of New Jersey. Defendant Mr. Gonnion is sued in his individual capacities.

27. Defendant Louis Bordi was, at all times relevant to this Complaint, a duly appointed and acting police officer of the VTPD with the rank of Captain. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Voorhees Township and the State of New Jersey. Defendant Mr. Bordi is sued in his individual capacities.

28. Defendant County of Camden is a body politic operating under the laws of the State of New Jersey and is the governing body for the agency Defendants and officers.

29. Defendant Camden County Office of the Prosecutor ("CCOP") is now and at the time of the events complained of herein the primary agency that oversees and coordinates enforcement of New Jersey's criminal laws in the County of Camden, State of New Jersey. It is charged with doing justice and enforcing the penal code, among other responsibilities.

30. Defendant Assistant Prosecutor Laurie A. Corson ("AP Corson") was at the time of the events complained of herein a duly appointed Assistant Prosecutor of the Camden County Office of the Prosecutor of Camden County, State of New Jersey. As such, she acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Camden County and

the State of New Jersey. Defendant Corson is retired and sued in her individual capacity.

31. Defendant Assistant Prosecutor Tracy A. Cogan ("AP Cogan") was at the time of the events complained of herein a duly appointed Assistant Prosecutor of the Camden County Office of the Prosecutor of Camden County, State of New Jersey. As such, she acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Camden County and the State of New Jersey. Defendant AP Cogan is sued in her individual capacity.

32. Defendant Mary Kay Baker of the Camden County Office of the Prosecutor is now and at the time of the events complained of herein a duly appointed and acting official of Camden County, State of New Jersey. As such, she acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Camden County and the State of New Jersey. Defendant Ms. Baker is sued in her individual capacities.

33. Defendant David Lick of the Camden County Office of the Prosecutor is now and at the time of the events complained of herein a duly appointed and acting Detective of Camden County, State of New Jersey. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Camden County and the State of New Jersey. Defendant Mr. Lick is sued in his individual capacities.

34. Defendant Christoph Auletto of the Camden County Office of the Prosecutor is now and at the time of the events complained of herein a duly

7

appointed and acting Detective of Camden County, State of New Jersey. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Camden County and the State of New Jersey. Defendant Mr. Auletto is sued in his individual capacities.

35.  Defendant Michael Snyder of the Camden County Office of the Prosecutor is now and at the time of the events complained of herein a duly appointed and acting Detective of Camden County, State of New Jersey. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Camden County and the State of New Jersey. Defendant Mr. Snyder is sued in his individual capacities

36.  Defendant Willard Mahan of the Camden County Office of the Prosecutor is now and at the time of the events complained of herein a duly appointed and acting Captain of Camden County, State of New Jersey. As such, he acted under color of law pursuant to the statutes, ordinances, regulations, policies, and customs of Camden County and the State of New Jersey. Defendant Mr. Mahan is sued in his individual capacities.

37.  Defendant Gary M. Lanigan of the New Jersey Department of Corrections is now and at all times relevant to this Complaint, primarily responsible for the Camden County Correctional Facility, he has acted under color of state law. By statute, "the Commissioner may, in accordance with the Administrative Procedure Act, (N.J.S.A. 52:14B-1 et seq.) promulgate such rules and regulations as are deemed necessary to establish minimum standards for the care, treatment, government and discipline of inmates in

8

adult county correctional facilities." Defendant Mr. Lanigan is charged with facilitating the infliction of cruel and unusual punishment, among other violations of his responsibilities.

38. Defendant Camden County Correctional Facility ("CCCF") is now and at all times relevant to this Complaint, the institution primarily responsible for the infliction of cruel and unusual punishment, among other violations of its responsibilities. As a result of the acts and omissions of its staff, the facility is charged with failing to ensure a safe and humane environment for the Plaintiff Bruce Aristeo.

39. Defendant David S. Owens, Jr. is now and at all times relevant to this Complaint, the duly appointed Warden of the CCCF. At the time Plaintiff was incarcerated and subject to cruel and unusual punishment, CCCF Correctional Officers were under the direction and supervision of Defendant Mr. Owens, he has acted under color of state law. Defendant Mr. Owens is sued in his individual capacity.

40. Defendant CCCF Correctional Officer Doe 1-10 (" CO-Doe 1-10") is a designation for a person or agent, servant or assignee or CCCF staff thereof whose act or failure to act under color of state law caused damages to Plaintiff as set forth herein.

41. Defendants John Doe 1-10 ("Doe 1-10") is a fictitious designation for a person or business entity or agent, servant or assignee or state officer thereof whose act or failure to act caused damages to Plaintiff as set forth herein.

42.     The principal is responsible for the acts or omissions of its agents, servants or assigns.

## V. **FACTUAL ALLEGATIONS**

43.     On November 5, 2010, Plaintiff and Defendant Ms. Raines entered into a dating and business relationship with one another.

44.     On December 5, 2010, Defendant Ms. Raines agreed to campaign as a Voorhees Township Committeewoman.

45.     On February 4, 2011, the dating relationship ended.  Nonetheless, Plaintiff continued working on unfinished projects as a subcontractor for Defendant Ms. Raines and her company Webmarcom, LLC.

46.     On February 26, 2011, Plaintiff completed the unfinished projects for Defendants Ms. Raines and Webmarcom LLC.

47.     On February 28, 2011, the business relationship ended.

48.     On March 2, 2011, Defendants Ms. Raines and Webmarcom LLC proposed a non-compete pay-agreement.

49.     On March 11, 2011, Plaintiff filed a lawsuit against Defendants Ms. Raines and Webmarcom, LLC for lack of payment on the completed works.

50.     Upon information and belief, on or about March 5, 2011 Defendant Ms. Raines intentionally interfered with Plaintiff's government assisted income and education by alleging Plaintiff was working beyond the limits of his determined benefits.

51.     On March 29, 2011, several men telephoned Plaintiff proposing he not attend business-networking events that Defendant Ms. Raines may be attending.  Plaintiff agreed not to attend those events.

52.     That evening, Defendant Ms. Raines filed charges against Plaintiff for domestic violence and harassment causing him to be arrested.

53.     On March 29, March 31, November 11, and November 21, 2011, Defendant Ms. Raines charged Plaintiff with allegations of domestic violence, and as such, the Hon. Michael A. Diamond, J.M.C., issued arrest warrants, TRO's, and violation of TRO's against Plaintiff while: (1) having knowledge Defendant Ms. Raines was politically entwined with the Voorhees Township Committee, and (2) having no factual evidence establishing a reasonable probable cause.

## COUNT I
### THEFT AND DESTRUCTION OF INTELLECTUAL PROPERTY
### AGAINST DEFENDANTS MS. RAINES, WEBMARCOM LLC, CCOP, MR. AULETTO, AP COGAN AND/OR DOE 1-10

54.     The allegations of paragraphs 1 through 53 are realleged and incorporated by reference as if fully set forth herein.

55.     The Plaintiff's creative designs, graphics, video, and sales copy from original thought are considered Intellectual Property (herein as "Works") and protected by the Article I, Section 8 of the U.S. Constitution, Title 17, and the Copyright Act 1976.

56.     Breach of the Copyright Act entitles the Plaintiff to statutory damages not less than $750 nor more of $30,000 under 17 U.S.C. § 504(c),

and under 17 U.S.C. § 511 for Liability of States, instrumentalities of States, and State officials.

57.     On or about March 24, 2011, Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 breached the Copyright Act by (1) inducing Plaintiff to create Works, (2) upon notice the Works were complete Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 blocked Plaintiff's access to the Works and then copied and distributed said Works to her/their client Pro Motion Inc. for compensation.

58.     Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 breached the Copyright Act by distributing Plaintiff's Works to her/their client Pro Motion Inc. without Plaintiff's authorization.

59.     Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 agreed to pay Plaintiff to perform duties at either paid an hourly rate or paid at 50% of the project quote. [EXHIBIT A].

60.     Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 received money as a result of her/their misconduct, at Plaintiff's expense, and that some or all of such money is rightfully due to Plaintiff.

61.     As a direct and proximate result, Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 breached her/their contract with Plaintiff by failing to pay him on an hourly basis or 50% of revenue basis causing Plaintiff damages estimated over $10,000.

62.     The exact amount of money due from Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 to Plaintiff is unknown to Plaintiff and

cannot be ascertained without an accounting of the income and gross profits Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 have obtained through their wrongful and unlawful conduct. Plaintiff is entitled, therefore, to a full accounting and damages.

63.    Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 continue to unjustly retain these benefits at the expense of Plaintiff, and it would be unjust for Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 to retain any value they obtained as a result of their wrongful conduct.

64.    As a direct and proximate result of the violations to the Copyright Act 1976, Title U.S.C. 17, unjust enrichment, and breach of contract by the Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10, Plaintiff Bruce Aristeo has suffered damages and losses.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Ms. Raines, Webmarcom LLC and Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

### COUNT II
### DESTRUCTION OF INTELLECTUAL PROPERTY
### AGAINST DEFENDANTS MS. RAINES, CCOP, MR. AULETTO, AP COGAN AND/OR DOE 1-10

65.    The allegations of paragraphs 1 through 64 are realleged and incorporated by reference as if fully set forth herein.

66.    Upon information and belief, on or about November 2012 and dates thereafter, Defendants Ms. Raines, Mr. Auletto, and AP Cogan and/or Doe 1-10 accessed Plaintiff's public websites and online social-media accounts.

67.     Upon information and belief, Defendants Ms. Raines, Mr. Auletto, and AP Cogan and/or Doe 1-10 copied Plaintiff's Works by making computer screen-shots and/or downloading them to a disc.  The said copied Works were then burned to a CD disc and/or printed on paper.

68.     Upon information and belief, Defendants Ms. Raines, Mr. Auletto, and AP Cogan and/or Doe 1-10 supplied the copied Works in emails and/or in envelopes, and sent the copied Works over the Internet and/or through the U.S. Postal Service without Plaintiff's expressed authorization to do so.

69.     Upon information and belief, on or about June 2013, Defendants Ms. Raines, Mr. Auletto, and AP Cogan and/or Doe 1-10 had removed, or participated in the removal, of Plaintiff's Works, from various Internet locations. [EXHIBIT B].

70.     The removal caused the distortion, mutilation, modification, and/or destruction of Plaintiff's Works, which took substantial time, money, and creative thought for Plaintiff to develop, and did so without Plaintiff's expressed authorization to do so as set forth in the Copyright Act 1976.

71.     The exact amount of money due from Defendants Ms. Raines, Webmarcom LLC, Mr. Auletto, and AP Cogan and/or Doe 1-10 to Plaintiff shall be accounted for at the time of the trial and from actual costs to Plaintiff in creating the Works, and costs associated with future applications of the Works, and including lost opportunities for creating additional Works.

72.     As a direct and proximate result of the violations to the Copyright Act 1976 and Title U.S.C. 17, by the Defendants Ms. Raines, Webmarcom LLC,

14

Mr. Auletto, AP Cogan and/or Doe 1-10, constitute a civil conspiracy to deny Plaintiff Bruce Aristeo the freedom to express his opinions as set forth in the First Amendment.  Plaintiff Bruce Aristeo has suffered damages and losses.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Ms. Raines, CCOP, Mr. Auletto, AP Cogan and/or Doe for (a) compensatory damages, (b) attorney's fees and litigation expenses under 42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

### COUNT III
### Unfair Methods of Competition
#### AGAINST DEFENDANTS MS. RAINES, WEBMARCOM LLC AND/OR DOE 1-10

73.     The allegations of paragraphs 1 through 72 are realleged and incorporated by reference as if fully set forth herein.

74.     Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 have engaged in or facilitated unlawful business acts or practices by committing acts including the theft and destruction of property, unjust enrichment, breach of contract, publication of private information, interference with business relationships, and other illegal acts and practices as alleged herein.

75.     Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 have engaged in or facilitated unlawful business acts or practices in an effort to gain unfair competitive advantage over Plaintiff.

76.     These unlawful business acts or practices were committed pursuant to business activity related to providing business services and related support for those services.

15

77.    The acts and conduct of Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 constitute fraudulent, unlawful, and unfair competition as defined by Title 15 U.S. Code § 45(a)(1), § 52(a)(2); 18 U.S.C. § 1951(a), 18 U.S.C. § 1341, and Article I, Section 19 of the New Jersey State Constitution.

78.    Defendants' Ms. Raines, Webmarcom LLC and/or Doe 1-10 conduct constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of 18 U.S.C. § 2319 the Copyright Act, violation of 18 U.S.C. § 1951 interference with commerce by threats or violence, violation of 18 U.S.C. § 1341 RICO Act frauds and swindles, and violation of 18 U.S. Code Chapter 47 fraud and false statements.  Defendants Ms. Raines, Webmarcom LLC and/or Does' 1-10 conduct also constitutes invasion of privacy, defamation, unjust enrichment, and conspiracy.

79.    Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 have improperly and unlawfully secured, and/or aided in securing, commercial advantage of Plaintiff's investment in his Works and/or services for the benefit of Defendant Ms. Raines.

80.    In light of the conduct of Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10, it would be inequitable to allow Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 to retain the benefits of such conduct and/or the funds obtained though the unauthorized and unlawful use of Plaintiff's Works and/or deprivation of his services.

81.    Defendants' Ms. Raines, Webmarcom LLC and/or Doe 1-10 unfair business practices have unjustly damaged Plaintiff's competitive advantage and

have caused, and are causing, Plaintiff to suffer special grievances and the denial of liberty to freely conduct business in a manner of his choosing.

82.    As a result of such unfair competition, Plaintiff has also suffered irreparable injury and, Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 should be enjoined from such unfair competition.  Otherwise, Plaintiff will continue to suffer irreparable injury, where he has no adequate remedy at law.

83.    Defendants Ms. Raines, Webmarcom LLC and/or Doe 1-10 should be compelled to disgorge and restore any and all revenues, earnings, profits, compensation, and benefits they may have obtained including, but not limited to, compensating the estimated value of any lost or potential work, in violation of New Jersey Unfair Trade Practices Title 56 et seq.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Ms. Raines, Webmarcom LLC and Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

## COUNT IV
### INTERFERENCE WITH GOVERNMENT ASSISTED PROGRAMS
### AGAINST DEFENDANT MS. RAINES AND/OR DOE 1-10

84.    The allegations of paragraphs 1 through 83 are realleged and incorporated by reference as if fully set forth herein.

85.    Upon information and belief, on or about March 5, 2011, Defendant Ms. Raines and/or Doe 1-10 violated Title 18 U.S. Code § 245(b)(1)(B)    Federally    Protected    Activities,    and    N.J.R.S.    43:21-16

17

Unemployment Compensation Offenses and Penalties, by intentionally interfering with Plaintiff's government assisted unemployment benefits, education and economic liberty.

86. The Unemployment Compensation Act provides unemployment benefits to an unemployed person receiving monetary payments while that person searches for a new job equivalent to the one lost without suffering from financial distress.

87. Upon information and belief, on or about March 5, 2011, Defendant Ms. Raines and/or Doe 1-10 contacted the New Jersey Department of Labor and Workforce ("NJDLW") and alleged Plaintiff was working beyond the limitation of his determined benefits.

88. Upon information and belief, Defendant Ms. Raines and/or Doe 1-10 alleged Plaintiff was working or had worked for Webmarcom LLC.

89. Upon information and belief, Defendant Ms. Raines and/or Doe 1-10 also alleged Plaintiff was working under the company name "Aristeo B2B Consulting." [EXHIBIT C].

90. Upon information and belief, Defendant Ms. Raines and/or Doe 1-10 sent copies of financial documents and computer screen shots to the NJDLW in support her of allegations against Plaintiff.

91. Upon information and belief, on or about July 15, 2012, Defendant Ms. Raines again contacted the NJDLW and alleged Plaintiff was working and received monetary payments beyond the limitation of his determined benefits.

92. The acts and omissions of Defendant Ms. Raines and/or Doe 1-10 herein were intended to cause Plaintiff damage.

93. Defendant Ms. Raines has violated the Unemployment Compensation Act by making knowingly false statements or representations, knowing them to be false, and with design to terminate the Plaintiff's government assisted benefits and education as provided by the Act.

94. Defendant Ms. Raines and/or Doe 1-10 has violated the Unemployment Compensation Act by intentionally interfering with Plaintiff's benefits, causing damage to Plaintiff, recklessly or without due regard for her/their actions.

95. As a direct and proximate result of the interference by Defendant Ms. Raines and/or Doe 1-10, Plaintiff's unemployment benefits and government-assisted education was/is terminated. Plaintiff is now responsible for the repayment of benefits during a time period Plaintiff was not receiving government assistance. Plaintiff suffered damage and loss by reason of these violations and shall suffer future damage and loss including, without limitation to, harm to Plaintiff's financial stability, financial reputation, ability to receive an education, emotional stability, and other losses and damages in an amount not less than the amount of $43,000 plus fines, which is owed to the NJDLW.

96. Defendants' Ms. Raines and/or Doe 1-10 unlawful conduct caused Plaintiff irreparable injury. Unless restrained and enjoined, Defendant Ms. Raines and/or Doe 1-10 will continue to commit such acts. Plaintiff's remedy at law is not adequate to compensate for these inflicted and threatened

injuries, entitling Plaintiff to remedies including injunctive relief as provided by Title 18 U.S.C. § 245, and N.J.R.S. 43:21-16.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendant Ms. Raines and Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

### COUNT V
### INVASION OF PRIVACY - INTRUSION UPON SECLUSION AND PUBLICITY GIVEN TO PRIVATE LIFE
### AGAINST DEFENDANTS MS. RAINES, MS. FERGUSON, MS. MOKEN AND/OR DOE 1-10

97.   The allegations of paragraphs 1 through 96 are realleged and incorporated by reference as if fully set forth herein.

98.   Upon information and belief, Defendants Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 have violated Title 15 U.S.C. § 1681, and N.J.S.A. 2C:21-17 of the Consumer Reporting Regulations by intentionally obtaining a consumer report from an investigative reporting agency.

99.   Upon information and belief, Defendants Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 have violated consumer reporting regulations by intentionally obtaining Plaintiff's private information and record of his personal affairs (herein as "REPORT") under false pretenses, and knowingly without a permissible purpose. [EXHIBIT D].

100.  On diverse dates from March 16, 2011 through January 2, 2014, Defendants Ms. Raines, Ms. Ferguson and/or Doe 1-10 used the investigative services of Intelisys Corp. to obtain information and compile the REPORT.

101. Defendants Ms. Raines, Ms. Ferguson and/or Doe 1-10 have violated consumer reporting regulations by making knowingly false representations and by acting in such pretended capacity with the intent and purpose of compiling the REPORT. [EXHIBIT E].

102. Defendants Ms. Raines, Ms. Ferguson, and/or Doe 1-10 have violated consumer reporting regulations by compiling the REPORT with intent to injure and defraud Plaintiff.

103. Defendants Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 engaged in circulating and exposing Plaintiff's REPORT publically, at business networking and philanthropy organizations, and over the Internet.

104. Defendants' Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 actions of exposing the REPORT, combined with malicious statements regarding its contents, were highly offensive to a reasonable person and are not consistent with any legitimate concern to the public.

105. Defendants' Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 have violated the consumer reporting regulations by knowingly intruding upon Plaintiff's private life.

106. The Defendants' Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 publicity given to Plaintiff's private life is an invasion of privacy.

107. Exhibiting continued conduct, on January 2, 2014, Defendants Ms. Ferguson requested copies of Plaintiff's personal legal affairs.

108. As set forth in the consumer reporting regulations, any person who is negligent or willfully fails to comply with any requirement imposed under the

regulations with respect to the Plaintiff is liable in an amount equal to the sum of any actual damages sustained by the Plaintiff as a result of the failure to comply, the costs of the action together with reasonable attorney's fees and costs as determined by the court.

109. As a direct and proximate result of Defendants' Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 acts and omissions, and recklessly or without due regard for her/their actions, invaded and violated Plaintiff's reasonable expectation of privacy as set forth in the Fourth Amendment of the U.S. Constitution. Plaintiff has and continues to sustain damages and losses.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

## Count VI
### DEFAMATION
### AGAINST DEFENDANTS MS. RAINES, MS. FERGUSON, MS. MOKEN, MR. COLOZZI, MS. WESCOAT, MR. FRIEDMAN, MS. FRIEDMAN AND/OR DOE 1-10

110. The allegations of paragraphs 1 through 109 are realleged and incorporated by reference as if fully set forth herein.

### DEFENDANTS MR. FRIEDMAN AND MS. FRIEDMAN

111. On or before April 7, 2011, Defendants Ms. Raines, Ms. Friedman, Mr. Friedman and/or Doe 1-10, engaged a common design to obtain privileged attorney-client communications between Plaintiff and Stephanie J. Zane, Esq.

112. Upon information and belief, Defendant Mr. Friedman was an acting Committeeman in the Township of Voorhees, State of New Jersey.

113. Upon information and belief, Defendants Ms. Raines, Mr. Friedman and/or Doe 1-10 intended to obtain the privileged communications between Plaintiff and Stephanie J. Zane, Esq.

114. Upon information and belief, Defendants Ms. Raines, Mr. Friedman and/or Doe 1-10 intended to obtain privileged communications between Plaintiff and Ms. Zane through Defendant Ms. Friedman.

115. Upon information and belief, and at all times relevant, Defendant Ms. Friedman and Ms. Zane were employed at Archer & Greiner P.C., located in Haddonfield, State of New Jersey.

116. Upon information and belief, Defendant Ms. Friedman and/or Doe 1-10 made defamatory statements about Plaintiff to Defendant Mr. Friedman.

117. Upon information and belief, on or before April 7, 2011 Defendant Mr. Friedman and/or Doe 1-10 emailed Defendant Ms. Raines. [EXHIBIT F].

118. Upon information and belief, Defendant Mr. Friedman and/or Doe 1-10 made statements about Plaintiff in the body of the April 7, 2011 email Defendant Mr. Friedman sent to Defendant Ms. Raines.

119. Upon information and belief, Defendants Mr. Friedman, Ms. Friedman and/or Doe 1-10 represented the Plaintiff had sought to engage in a blackmail scheme against Defendant Ms. Raines.

120. Upon information and belief, the email and statements made by Defendants Mr. Friedman, Ms. Friedman and/or Doe 1-10 were false.

23

121. Upon information and belief, the false statements and email by Defendants Mr. Friedman, Ms. Friedman and/or Doe 1-10 were used in complaint statements by Defendant Ms. Raines to law-enforcement and/or submitted as discoveries in litigation.

122. Upon information and belief, Defendants Ms. Raines, Ms. Ferguson, Ms. Moken and/or Doe 1-10 circulated the Defendants' Mr. Friedman and Ms. Friedman email and false representations publically at business networking and philanthropy organizations, and over the Internet.

### DEFENDANT MR. COLOZZI

123. Upon information and belief, on diverse dates between April 2011 and June 2013, Defendants Mr. Colozzi escorted Ms. Raines to court appearances involving the Plaintiff.

124. Upon information and belief, Defendant Mr. Colozzi knew a number of state officers and/or law-enforcement at the courthouse locations when and where Defendant Mr. Colozzi escorted Defendant Ms. Raines.

125. Upon information and belief, Defendant Mr. Colozzi socialized with state officers and/or law-enforcement at the aforesaid courthouse locations.

126. Upon information and belief, Defendant Mr. Colozzi and/or Doe 1-10 made statements of fact to state officers and/or law-enforcement about the conduct and character of Plaintiff.

127. Upon information and belief, the statements made about Plaintiff by Defendant Mr. Colozzi to state officers and/or law-enforcement were false.

### DEFENDANT MS. WESCOAT

128. Upon information and belief, Defendants Ms. Raines and Ms. Wescoat and/or Doe 1-10 made statements alluding to Plaintiff engaging in inappropriate conduct toward minors.

129. Upon information and belief, Defendants Ms. Raines and Ms. Wescoat and/or Doe 1-10 made statements to the effect that Plaintiff made sexual advances or threatened to inflict physical harm upon minors.

130. The conduct of the Defendants Ms. Raines, Ms. Ferguson, Ms. Moken, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman and/or Doe 1-10 as described above, constitutes defamation. More specifically, the Plaintiff never committed harassment or stalking, nor conducted himself inappropriately towards a minor, nor searched the obituaries for widowed women, nor attempted to blackmail anyone, nor did he engage in unfair business practices. The Defendants' Ms. Raines, Ms. Ferguson, Ms. Moken, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman and/or Doe 1-10 statements are defamatory and actionable *per se*.

131. Plaintiff Bruce Aristeo, contrary to the Defendants' Ms. Raines, Ms. Ferguson, Ms. Moken, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman and/or Doe 1-10 defamatory statements, Plaintiff is not dangerous, nor did he engage in immoral personal or unethical business practices. These and other inferences were made intentionally and with reckless disregard to the truth or veracity of the statements, and publicly for public interpretation and ridicule.

132. The Defendants' Ms. Raines, Ms. Ferguson, Ms. Moken, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman and/or Doe 1-10 made the

defamatory statements with the intent to influence law-enforcement and court officers to commence legal actions against Plaintiff.

133.  As a direct and proximate result, the Defendants Ms. Raines, Ms. Ferguson, Ms. Moken, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman and/or Doe 1-10 harmed the Plaintiff by contacting various entities and individuals, made the defamatory statements, and induced them to shun or block him from related industries, thus hindering Plaintiff's financial stability, financial reputation, and his ability to associate and be accepted by the community at large, and society as set forth in the First and Fourteenth Amendments.  Plaintiff Bruce Aristeo has suffered damages and losses.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Ms. Raines, Ms. Ferguson, Ms. Moken, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman and/or Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

## Count VII
### LEGAL MALPRACTICE
### AGAINST DEFENDANTS LAW FIRM, MR. HELMER, MR. CONLEY, MS. TRANI AND/OR DOE 1-10

134.  The allegations of paragraphs 1 through 133 are realleged and incorporated by reference as if fully set forth herein.

135.  On or about April 20, 2012, Defendants AP Corson, Ms. Raines and/or Doe 1-10 met to discuss charges Defendant Ms. Raines filed against Plaintiff.

136.  On April 25, 2012, Defendants AP Corson and/or Doe 1-10 dismissed the charges of harassment and stalking against Plaintiff, but revived a dismissed November 2011 "Violation of TRO," without notice to Plaintiff or an opportunity to be heard.

137.  On or about June 2012, Plaintiff retained Defendants LAW FIRM, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 to provide professional legal services for litigating (1) a TRO in Family Part, (2) a Violation of TRO, and (3) the clearing of false allegations and charges that tarnished his good name.

138.  On July 10, 2012, Plaintiff and Defendant Mr. Conley appeared before Judge Pugliese for a violation of TRO.  Judge Pugliese did not issue a final restraining order and the case was dismissed.

139.  Defendant Mr. Conley represented to Plaintiff that the testimony of Defendant Ms. Raines was well rehearsed, and Defendant Ms. Baker and/or Doe 1-10 were signaling answers to Defendant Ms. Raines as she testified.

140.  Defendant AP Corson threatened Plaintiff through the Defendants, Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 with criminal charges if he did not: (1) voluntarily enter into an Indefinite TRO to prematurely terminate civil litigation in favor of Defendant Ms. Raines, and (2) dismiss with prejudice all counter-complaints filed against Defendant Ms. Raines necessary to clear Plaintiff's name and government records. [EXHIBIT G].

141.  On diverse dates between June 2012 and August 2012, Defendants pressured Plaintiff and coerced him to acquiesce to Defendant AP

Corson and/or Doe 1-10, otherwise Plaintiff would face false criminal charges in two counties for crimes he did not commit.

142. On diverse dates between July 31, 2012 and September 9, 2012, the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 lied to Plaintiff and aided and abetted Defendant AP Corson and/or Doe 1-10 as she wrote and lied to each municipal court dismissing the counter-charges pending against Defendant Ms. Raines.

143. In the letters Defendant AP Corson stated, "The State believes that there is . . . no evidence to support this prosecution." [EXHIBIT H].

144. These acts and omissions by Defendant AP Corson are outside established prosecutorial duties and constitute prosecutorial misconduct.

145. On August 2, 2012, Judge Nan S. Famular, J.S.C., Superior Court, Camden County, Defendant Ms. Trani, and counsel for Defendant Ms. Raines crafted a consent agreement that (1) prematurely terminated litigation of a falsely procured TRO where Plaintiff was the defendant, (2) set forth conditions to unfairly favor Defendant Ms. Raines, and (3) restrained Plaintiff under an order having no legal standing in law, specifically, an indefinite TRO.

146. On August 27, 2012, Defendant Mr. Conley revealed information that Plaintiff was not named in any complaint filed in Burlington County.

147. The Aforesaid information demonstrated the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 lied to Plaintiff by stating he was facing pending charges in Burlington County. [EXHIBIT I].

148. The Aforesaid information demonstrated the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 neglected to perform a due diligence by investigating Defendant AP Corson's threat to Plaintiff.

149. The Aforesaid information demonstrated the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 allowed a personal friendship with Defendant AP Corson to interfere with a duty to Plaintiff.

150. Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 engaged in a legal fraud with Defendant AP Corson that rendered the consent agreement manifestly unfair and oppressive.

151. Upon Plaintiff's demand, Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 refused to rightfully litigate the agreement's reversal, pursue relief from false restraints upon Plaintiff, and protect Plaintiff from ongoing harassment and stalking by Defendant Ms. Raines.

152. Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 intended to violate and did violate Plaintiff's rights to due process, effective counsel, confront his accuser, and a lawful defense as set forth in the United States and New Jersey Constitutions.

153. At all relevant times, the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 were acting as the attorney and legal counsel for the Plaintiff and was charged with the undertaking to advise, counsel and represent Plaintiff in a legal and fiduciary capacity and with the duty to pursue Plaintiff's legal matters to completion.

154. At all relevant times, Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 were under Contract with the Plaintiff to advise, counsel and represent Plaintiff in a legal capacity and to pursue Plaintiff's legal matters to completion pursuant to an attorney/client fee agreement.

155. At all relevant times, Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 were the fiduciaries of Plaintiff in relation to Plaintiff's legal matters as averred herein.

156. On or about June 2012, Plaintiff Bruce Aristeo entered into a written fee agreement which contract required the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 to provide competent legal advice and zealous representation on Plaintiff's behalf.

157. Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 were negligent in that they breached the attorney/client fee agreement, breached contractual and fiduciary duties to the Plaintiff and deviated from the accepted standard of care for attorneys in general and for attorneys in the Defendants' LAW FIRM, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 specialty.

158. The care, skill or knowledge exercised or exhibited in the representation of the Plaintiff by the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 fell outside acceptable professional occupational standards and practices.

159.  In particular, the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 failed to keep the Plaintiff informed as to the true status of his matter, failed to keep accurate phone records, failed to respond to a fraudulent government action against Plaintiff, or to respond to the requests for protective measures made by the Plaintiff.

160.  The aforementioned breaches and deviations by Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 proximately caused the Plaintiff to sustain both financial and emotional injury including additional attorney's fees, court and legal expenses, lost financial opportunity, lost benefit, severe emotional distress and disability, ascertainable financial and economic losses and expenses, loss of income, loss of enjoyment of life, liberty and other damages.

161.  As a direct and proximate result, the Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 is/are liable to the Plaintiff for professional negligence, legal malpractice, breach of contract, breach of fiduciary duty, fraud, consumer fraud, a civil conspiracy, and/or for any other causes of action allowed by law.  Plaintiff Bruce Aristeo has suffered severe damages and losses.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Law Firm, Mr. Helmer, Mr. Conley, Ms. Trani and/or Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses under 42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

## COUNT VIII
### CRIMINALIZATION OF INHERENT LIBERTY AND PROTECTION FROM FUNDAMENTALLY UNFAIR GOVERNMENTAL ACTION
### AGAINST DEFENDANTS COUNTY OF CAMDEN, CCOP, AP CORSON, AP COGAN, MR. LICK, MR. AULETTO, MR. SNYDER, MR. MAHAN, MS. BAKER AND/OR DOE 1-10

162. The allegations of paragraphs 1 through 161 are realleged and incorporated by reference as if fully set forth herein.

163. As stated in part above, on August 27, 2012, Plaintiff received information demonstrating the consent agreement was manifestly unfair.

164. On October 18, 2012 and dates thereafter, Plaintiff filed complaints with the New Jersey Office of the Attorney General regarding Defendants AP Corson and Ms. Raines under case number: CJ 2011-13289.

165. Pursuant to the Supreme Court of New Jersey, Plaintiff is not prohibited from publicizing the full details of his complaints.

166. On November 30, 2012, Plaintiff presented to Judge Famular the facts of the consent agreement.

167. Judge Famular determined the presentment was frivolous, and sanctioned Plaintiff prohibiting him from speaking publicly about his case.

168. On April 4, 2013, Judge Famular ordered she does not have jurisdiction over the consent agreement. [EXHIBIT J].

169. On December 4, 2012, Plaintiff filed complaints against Defendants AP Corson, Ms. Raines and/or Doe 1-10 with the Camden Special Investigations Unit, specifically regarding the prosecutorial misconduct.

170. Upon information and belief, the Special Investigations Unit neglected to investigate Plaintiff's complaints.

32

171. Upon information and belief, the Special Investigations Unit allowed Defendant AP Corson to administratively dismiss complaints against Defendant Ms. Raines.

172. Upon information and belief, on or before April 16, 2013, Defendants CCOP, AP Corson, AP Cogan, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Baker, Ms. Raines and/or Doe 1-10 planned to catch Plaintiff at violating his indefinite TRO. The plan to catch Plaintiff involved entrapment.

173. Defendants CCOP, AP Corson, AP Cogan, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Baker and/or Doe 1-10 failed to establish a reasonable probable cause to execute such a plan, and as such, the plan failed.

174. On May 15, 2013, under the supervision and control of Defendants CCOP, Mr. Mahan and/or Doe 1-10, Defendant Mr. Lick telephoned Plaintiff with a proposed contract between the CCOP and Plaintiff.

175. Defendants CCOP, Mr. Mahan, Mr. Lick and/or Doe 1-10 proposed to Plaintiff that he stop posting online the details of his grievances against the CCOP and its Officers.

176. Plaintiff agreed to Defendants' CCOP, Mr. Mahan, Mr. Lick and/or Doe 1-10 proposal, and scheduled a meeting on May 17, 2013 at 9:00 A.M.

177. On May 17, 2013, approximately 8:40 A.M., Plaintiff was apprehended and restrained without warrant by Defendant Mr. DeGregorio.

178. Upon information and belief, Defendants Mr. Auletto and Mr. Lick entered Plaintiff's residence without an executed arrest and/or search warrant.

179.  Defendant Mr. Auletto presented papers alleging a search warrant, of which Plaintiff was denied an opportunity to inspect the alleged warrant.

180.  Upon information and belief, on diverse dates after May 17, 2013 and the time of this filing, Defendants CCOP, AP Cogan, Mr. Auletto, Ms. Raines and/or Doe 1-10, participated in the tampering with and destruction of evidence in Plaintiff's criminal investigation.

181.  Upon information and belief, the destroyed evidence demonstrated Defendant Ms. Raines acted as an aggressive antagonist and not as a victim.

182.  Upon information and belief, on or about May 16, 2013, Defendant Mr. Auletto signed a complaint warrant against Plaintiff at the VTPD.

183.  Upon information and belief, on August 7, 2013, Defendant Mr. Auletto acted as a complaining witness before a Grand Jury Committee.

184.  Upon information and belief, on August 7, 2013, Defendant Mr. Auletto swore to false material statements before a Grand Jury Committee.

185.  Upon information and belief, on August 7, 2013, Defendant Mr. Auletto willfully and wantonly concealed the destroyed evidence having evidentiary value that would invalidate Plaintiff's indictment.

186.  These acts and omissions by Defendant Mr. Auletto witnessed by Defendant AP Cogan are outside any state actors' statutory duties and constitute a conspiracy and misconduct.

187.  All of the acts and omissions set forth above constitute civil rights violations and violations of the Law against Discrimination, 42 U.S.C. § 1983,

Civil Rights Act of 1964, First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and any cause of action allowed by law.

188.  The foregoing averments also constitute a breach of the New Jersey Constitution including (a) the right to enjoy and defend life and liberty (b) the right to pursue and obtain safety and happiness, (c) the right to due process of law (d) the right to equal protection under the law (e) the right not to be discriminated against (f) the right to speak freely (g) the right to write and publish one's sentiments absent abuse (h) the right to be secure against unreasonable searches and seizures (i) the right to freely assemble, consult for the public good, express opinions to representative and petition for redress of grievances (j) the right to organize, present, make known to public entities, grievances and proposals through chosen representatives and public employment (k) the right to any natural and unalienable right obtained by the people.

189. The actions of the Defendants County of Camden, CCOP, AP Corson, AP Cogan, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Baker and/or Doe 1-10 described herein constitute a civil conspiracy and violate Plaintiff's inherent and inalienable right to defend his person and property, and to be free from unfair treatment, harassment, and/or the egregious deprivation of liberty by maintaining knowingly false restraints upon him.

190.  As a direct and proximate result of the acts and omissions of the Defendants County of Camden, CCOP, AP Corson, AP Cogan, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Baker and/or Doe 1-10, Plaintiff has and

will in the future suffer damages and losses in the form of both financial and emotional injury including additional attorney's fees, court and legal expenses, lost financial opportunity, lost benefit, lost reputation, severe emotional distress and disability, ascertainable financial and economic losses and expenses, loss of income, loss of enjoyment of life and other damages.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants County of Camden, CCOP, AP Corson, AP Cogan, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Baker and/or Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses under 42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

### COUNT IX
#### NEGLIGENCE & BREACH OF DUTY
#### AGAINST DEFENDANTS TOWNSHIP OF EVESHAM, ETPD, MR. DEGREGORIO, MR. FRIEL, TOWNSHIP OF VOORHEES, VTPD, MS. HERRINGTON, MR. GONNION, MR. BORDI AND/OR DOES 1-10

191. The allegations of paragraphs 1 through 190 are realleged and incorporated by reference as if fully set forth herein.

**Events Prior to May 17, 2013**

192. On diverse dates between January 2012 and January 2013, Plaintiff filed an OPRA request regarding Defendant Ms. Raines at the Voorhees Township Police Department.

193. The requested OPRA information could not be obtained from any other municipality, and was material to the defense of Plaintiff against the charges Defendant Ms. Raines filed in Voorhees Township.

194. Under the supervision and control of the acting captain, the records supervisor, Ms. Debbie Bradshaw, had a legal obligation to disclose.

195. Under the supervision and control of the acting captain, the records supervisor, Ms. Debbie Bradshaw denied Plaintiff the report.

**Events on and after May 17, 2013**

196. As stated above, on May 17, 2013, Defendant Mr. DeGregorio apprehended and restrained Plaintiff without notice or warrant, and assisted Plaintiff into the seat of his Evesham Township patrol unit.

197. Plaintiff represented to Defendant Mr. DeGregorio that he experienced extreme pain in his wrists as he sat back against the seat.

198. A second Evesham Officer#2 approached and placed his hand on the right chest/shoulder of Plaintiff and shoved Plaintiff back against the seat.

199. Evesham Officer#2 used excessive force and caused the Plaintiff to experience extreme pain in his wrists, and as such, Plaintiff yelled from the pain and from the fear of nearly breaking his wrist.

200. Upon the arrival of Defendants Mr. Auletto, Mr. Lick and/or Doe 1-10, Plaintiff watched from inside an Evesham patrol unit as Defendants Mr. Auletto, Mr. Lick and/or Doe 1-10, and ETPD officers enter his residence.

201. Defendants Mr. Auletto, Mr. Lick and/or Doe 1-10, and ETPD officers, intruded upon Plaintiff's privacy without presenting an executed arrest and/or search warrant as set forth in the Forth Amendment.

202. Upon information and belief, Defendant Mr. Auletto failed to present a search warrant to ETPD officers before searching Plaintiff's property.

203.  On May 17, 2013, upon Plaintiff's arrival at the VTPD, officers confiscated his cellular phone, and denied him an opportunity to notify his attorney of his circumstances.

204.  Defendant Mr. Auletto arrived at the VTPD, approached Plaintiff and presented papers purporting a list of items seized from his apartment. Plaintiff was asked to inspect and sign the papers.

205.  Upon signing the papers, Defendant Mr. Auletto denied Plaintiff copies of the seized items list and search warrant.

206.  Upon information and belief, Defendant Mr. Auletto presented incomplete and unexecuted documents to the Camden County Deputy Sheriffs, and as such, Deputy Sheriffs refused to collect Plaintiff.

207.  Upon information and belief, Defendant Ms. Herrington generated an arrest warrant and made several visits to the processing computer desk.

208.  Upon information and belief, Defendant Ms. Herrington represented to the Plaintiff, "I want you to know this is not our complaint, this is the prosecutor's complaint!  It's not ours!"

209.  On September 13, 2014, Plaintiff served a Subpoena *Duces Tecum* for documents upon the Voorhees Township Police Department and Defendant Mr. Bordi for material evidence required for Plaintiff's defense.

210.  Defendant Mr. Bordi failed to reply to the subpoenas.

211.  As set forth within the Summary Report of Defendant Mr. Auletto, on May 16, 2013, he met with Defendant Mr. Gonnion at the VTPD and advised of his investigation into Plaintiff.  The report also shows Defendant Mr. Auletto

met with ETPD officers on the morning of May 17, 2013, and requested their assistance in executing a search warrant in Burlington County, New Jersey.

212. Defendant Mr. Auletto, as a Camden County Investigator, did not have jurisdiction in Burlington County.

213. Defendants ETPD, Mr. DeGregorio, Mr. Friel and/or Doe 1-10 neglected to adhere to the strict regulatory standards of executing cross-county search warrants as set forth by the State of New Jersey Attorney General.

214. The actions of the Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi and/or Doe 1-10 described herein violate the rights of Plaintiff to be free from deceit and any failure to comply, when there is a regulatory duty to comply, and be provided equal protection of the laws and receive an equal standard of care and consideration to all reasonable measures that avoid or prevent a foreseen risk of causing Plaintiff grave harm.

215. Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi and/or Doe 1-10 breached their duty of reasonable care by negligently acting, or omitting to act, in such a way that resulted in Plaintiff's wrongful detention, loss of property, and deprivation of liberty, which any reasonably trained officer would know or should have known posed a substantial risk of grave harm to Plaintiff.

216. Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi and/or Doe 1-10 were negligent in performing their duties and failed, neglected and/or refused

to properly and fully discharge their responsibilities, either professionally or as citizens of average intelligence by, among other things:

- Failing to validate and inspect, record and/or copy lawfully executed arrest and/or search warrant documents before executing on them;

- Failing to provide the Plaintiff with equal protection (1) from violations to his property, (2) his rights, (3) personal liberty, and (3) protect him from threats and coercive tactics by other state officers;

- Failing to protect the Plaintiff from a substantial risk of serious harm and injury from the infliction of excessive force;

- Failing to create and/or sanction policies, patterns, practices, and customs of preserving the rights of citizens;

- Failing to adequately train and supervise Officers charged with safeguarding the welfare of inmates and law-abiding citizens.

217. Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi and/or Doe 1-10 were acting individually and/or within the scope of their employment when they committed these acts.

218. The foregoing averments also constitute a breach of the New Jersey Constitution including (a) the right to enjoy and defend life and liberty (b) the right to pursue and obtain safety and happiness, (c) the right to due process of law (d) the right to equal protection under the law (e) the right not to be discriminated against (f) the right to speak freely (g) the right to write and publish one's sentiments absent abuse (h) the right to be secure against

40

unreasonable searches and seizures (i) the right to freely assemble, consult for the public good, express opinions to representative and petition for redress of grievances (j) the right to organize, present, make known to public entities, grievances and proposals through chosen representatives and public employment (k) the right to any natural and unalienable right obtained by the people.

219.   The foregoing acts and omissions of said Defendants Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi and/or Doe 1-10 establish violations of constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments giving rise to a federal cause of action under 42 U.S.C. § 1983.

220.   As a direct and proximate result of the acts and omissions of the Defendants Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi and/or Doe 1-10 Plaintiff has and will in the future suffer damages and losses in the form of both financial and emotional injury including additional attorney's fees, court and legal expenses, lost financial opportunity, lost benefit, lost reputation, severe emotional distress and disability, ascertainable financial and economic losses and expenses, loss of income, loss of enjoyment of life, a total loss of confidence and trust in law enforcement, and other damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township

Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi and/or Doe 1-10

for (a) compensatory damages, (b) attorney's fees and litigation expenses under

42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest,

(f) punitive damages, and all other relief deemed equitable and just.

## COUNT X
### CRUEL AND UNUSUAL PUNISHMENT
### DEFENDANTS COUNTY OF CAMDEN, MR. LANIGAN, CCCF, MR. OWENS AND/OR CO-DOE 1-10 AND/OR DOE 1-10

221. The allegations of paragraphs 1 through 220 are realleged and incorporated by reference as if fully set forth herein.

222. On May 17, 2013, Plaintiff was admitted to the CCCF.

223. Upon admission to the CCCF, Plaintiff represented to the CCCF intake nurse that he experienced pain in his wrists and may require medical attention.

224. The CCCF intake nurse briefly looked at Plaintiff's wrist and did not find Plaintiff's wrist pain and bruises to be an urgent matter requiring a doctor's care.

225. The CCCF intake nurse represented a doctor would only perform an examination upon the report of an emergency.

226. Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-13.9(c)(5) (2015) Medical screening: Notation of body deformities, such as trauma markings, bruises, lesions, [] ease of movement.

227. Defendant CO-Doe 1-10 assigned Plaintiff to an oppressively cold, steel, concrete and cinderblock cell.

228. The CCCF cell was constructed for only two (2) inmates, having two (2) metal beds and one (1) metal toilet.

229. Additional inmates were left to sleep on the floor on a one-inch thick matt either next to the toilet or with his legs half under the steel bunk.

230. Defendant CO-Doe 1-10 exceeded the capacity of the cell by assigning four (4) inmates to house in one two-inmate cell.

231. Defendant CO-Doe 1-10 confined Plaintiff to a cell for approximately 29 days (696 hours), and permitted him a total of approximately three hours out-of-cell time in the 29 days—only for showering.

232. Plaintiff made several requests to be released from the cell for exercise and/or access to a shower.

233. Defendant CO-Doe 1-10 denied Plaintiff's requests to access a shower. The longest stint of being denied a shower was eleven days. When CCCF Correctional officers granted Plaintiff access to a shower, it was to a shower stall laden with grime and black mold.

234. Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-17.8 (2015) Recreation: The facility shall provide inmate recreation outside the cells for at least five hours per week.

235. Defendant CO-Doe 1-10 also violated the standards of care as set forth in N.J.A.C. 10A:31-12.8 (2015) Shower and hair care services whereby, "Upon admission to the adult county correctional facility inmates shall be required to shower and shall be permitted to shower daily thereafter."

236.  Plaintiff was unable to bathe, brush his teeth, comb his hair, shave, and in many cases hold in his bowel movements for days until his cell (shared with 3 other inmates) was provided toilet paper.

237.  Plaintiff made several requests for personal hygiene items.

238.  Defendant CO-Doe 1-10 denied Plaintiff's requests for the civil amenities to maintain personal hygiene.

239.  Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-12.7 (2015) Personal hygiene products: As part of the admission process, each inmate shall be provided with the following articles necessary for maintaining proper personal hygiene: Soap; Toothbrush; Toothpaste or powder; A comb; Toilet paper; Shaving, equipment, upon request; and (b) Indigent inmates shall be provided basic items for personal hygiene set forth in (a) above on a continuing basis.

240.  Plaintiff was instructed to wear an orange shirt and pants without undergarments socks, and was forced to wear old shoes –not county issue.

241.  Plaintiff made several requests to exchange his dirty clothing, undergarments, and county issue shoes.

242.  Defendant CO-Doe 1-10 denied all of Plaintiff's requests for clean clothes, undergarments, and county issue shoes.

243.  Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-12.3 (2015) Laundry services: Laundry services shall permit the exchange of inmate clothing (facility issue and/or personal), linen and bedding on a weekly basis.

244. The cell floors and walls on the 2nd floor and in the block called "7-Day" are black with grime; the walls and floors are covered with dried food, flies, feces, urine, debris, and other waste.

245. Plaintiff made several requests for cell cleaning materials.

246. Defendant CO-Doe 1-10 denied Plaintiff's requests for detergent, rags, mop, broom, and/or other instruments for clearing out debris.

247. Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-11.4 (2015) Floors: The floors of each adult county correctional facility shall be kept clean, dry and free of hazardous substances.

248. Plaintiff experienced a physical ailment that hindered his abilities to sit-up and/or stand without fainting or "passing-out." The same ailment caused Plaintiff a loss of appetite for four (4) days, resulting in excessive and unsafe weight loss.

249. Plaintiff made several requests for medical attention.

250. Defendant CO-Doe 1-10 denied Plaintiff's requests for medical attention, and denied Plaintiff's requests for submitting a complaint.

251. Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-13.12 (2015) Inmate medical complaints: The written medical complaints of inmates shall be collected daily.

252. Plaintiff filed nearly two-dozen forms requesting a visit with a social worker, and grievances forms regarding the offensive treatment and living conditions he was subject to.

253. Plaintiff witnessed Defendant CO-Doe 1-10 discard his, and other inmate's request forms into the trashcan.

254. Defendant CO-Doe 1-10 nicknamed Plaintiff "mister grievance," and as such, harassed Plaintiff with physical threats, delaying food, holding Plaintiff responsible for existing issues with the cell, and other intimidations.

255. Defendant CO-Doe 1-10 further retaliated against Plaintiff when he sought to redress his grievances by denying him additional pencils, paper, postcards, and other materials necessary to write his attorney.

256. Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-14.4 (2015) Inmate grievance procedure: A written inmate grievance procedure shall be afforded to all inmates which shall include at least one level of appeal.

257. Defendant CO-Doe 1-10 neglected to recognize the psychological condition and odd behavior of an inmate who was placed in the Plaintiff's cell.

258. Upon information and belief, the inmate was prematurely released from the mental health ward.

259. The inmate physically attacked Plaintiff while he slept.

260. Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-14.2 (2015) Protection from abuse: Inmates shall be protected by adult county correctional facility staff from personal abuse, corporal punishment, personal injury, property damage, and harassment.

261. Defendant CO-Doe 1-10 denied Plaintiff access to a law library, a computer for researching his defense, and the services of a paralegal.

262. Defendant CO-Doe 1-10 violated the standards of care as set forth in N.J.A.C. 10A:31-14.1 (2015) Presumption of innocence: The presumption of innocence of pre-trial detainees shall be respected at all times, and adult county correctional facility staff shall take no action which may interfere with the detainee's right to "Prepare a defense to the charges."

263. By their policies and practices described herein, Defendants' County of Camden, Mr. Lanigan, CCCF, Mr. Owens and/or CO-Doe 1-10 and/or Doe 1-10 subjected the Plaintiff to a substantial risk of serious harm by failing to provide an environment conducive of maintaining cognitive, emotional, and physical health and safety. These policies and practices have been and continue to be implemented by Defendants County of Camden, Mr. Lanigan, CCCF, Mr. Owens and/or CO-Doe 1-10 and/or Doe 1-10 and their agents, officials, employees, and all persons acting in concert with them under color of state law, in their official capacities, and are the cause of the Plaintiffs' deprivation of rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.

264. Defendants County of Camden, Mr. Lanigan, CCCF, Mr. Owens and/or CO-Doe 1-10 and/or Doe 1-10 have been and are aware of all of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

265. Defendants' County of Camden, Mr. Lanigan, CCCF, Mr. Owens and/or CO-Doe 1-10 and/or Doe 1-10 was cruel and unusual, inhumane,

degrading, and caused the severe psychological injury to Plaintiff as witnessed by Defendant CO-Doe 1-10 and recorded by the facility psychologist.

266.  As a direct and proximate result of the acts and omissions of the Defendants County of Camden, Mr. Lanigan, CCCF, Mr. Owens and/or CO-Doe 1-10 and/or Doe 1-10, Plaintiff has and will in the future suffer damages and losses in the form of feelings of worthlessness, abandonment, loneliness, anxiety, rage, and despair, among other potentially debilitating psychological complications.  Plaintiff Bruce Aristeo has suffered damages and loses.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants County of Camden, Mr. Lanigan, CCCF, Mr. Owens and/or CO-Doe 1-10 and/or Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses under 42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

### COUNT XI
#### CRIMINALIZATION OF FIRST AMENDMENT FREEDOMS
#### AGAINST DEFENDANTS MS. RAINES, MS. MOKEN, MS. FERGUSON, MR. COLOZZI, MS. WESCOAT, MR. FRIEDMAN, MS. FRIEDMAN, COUNTY OF CAMDEN, CC JP, MS. CORSON, MR. LICK, MR. AULETTO, MR. SNYDER, MR. MAHAN, MS. COGAN, MS. BAKER AND/OR DOES 1-10

267.  The allegations of paragraphs 1 through 266 are realleged and incorporated by reference as if fully set forth herein.

268.  The First Amendment of the United States Constitution sets forth the protections for individual expression, association with like-minded individual, public opinion and criticism, public protest, and the redress of grievances, including the presentation of grievances before a tribunal.

269. Defendants' Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, County Of Camden, CCOP, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 unlawful conduct described herein directly and proximately caused Plaintiff the loss of First Amendment freedoms for individual expression, association with like-minded individuals, public opinion and criticism, public protest, and the redress of grievances, including the presentation of grievances before a tribunal.

270. Each of the Defendants Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, County Of Camden, CCOP, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 personally participated in the unlawful conduct described herein which deprived Plaintiff of his First Amendment freedoms, acted jointly and in concert with the other Defendants who participated in or acquiesced to the unlawful conduct, failed to intervene or stop other Defendants from engaging in the unlawful conduct though possessing the power to do so, or knew of and condoned or approved of the unlawful conduct.

271. Each of the Defendants Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, County Of Camden, CCOP, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 acted knowingly and intentionally, willfully and wantonly, or with reckless or callous disregard for, or with deliberate indifference to Plaintiff's rights.

272. Plaintiff has no adequate remedy at law and is irrepara harmed in that he wishes to be able to express his opinions, criticize, paro satirize, and otherwise engage in humorous expression about public and private figures in the future—including throu h the use of risqué langu but is chilled from doing so because he reasonably fears retaliation if he nges in such protected expression.

273. Plaintiff has no adequate remedy at law and is irrepara harmed in that he wishes to be able to associate with like-minded ind als, to protest and express his opinions pul cally for debate, and to nt his grievances freely and be heard before an impartial tribunal.

274. As a direct and proximate sult of Defendants' Ms. es, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. escott, Mr. Friedman, Ms dman, County Of Camden, CCOP, Ms. Corson Mr. Lick, Mr. Auletto, Mr. er, Mr. Mahan, Ms. Cogan, Ms. Baker and/ Does 1-10 continuing intain publicly that the actions taken against intiff were lawful and prop laintiff remains in danger of being punished f exercising his right to fre ession if he engages in the future in speech th t is d rogatory towards pu and/or private figures. Plaintiff Bruce Aristeo suffered damages and lo

**WHEREFORE**, Plaintiff Bruce aristeo demands Judgme gainst Defendants Ms. Raines, Ms. Moken, M Ferguson, Mr. Colozzi, scoat, Mr. Friedman, Ms. Friedman, County C Camden, CCOP, Ms. Cors . Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, M Cog n, Ms. Baker and/ s 1-10 for (a) compensatory damages, (b) attor y's fees and litigation exp under

42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest,

(f) punitive damages, and all other relief deemed equitable and just.

## COUNT XII
### SUBSTANTIVE DUE PROCESS
AGAINST DEFENDANTS MS. RAINES, MS. MOKEN, MS. FERGUSON, MR. COLOZZI, MS. WESCOAT, MR. FRIEDMAN, MS. FRIEDMAN, MR. HELMER, MR. CONLEY, MS. TRANI, LAW FIRM, TOWNSHIP OF EVESHAM, ETPD, MR. DEGREGORIO, MR. FRIEL, TOWNSHIP OF VOORHEES, VTPD, MS. HERRINGTON, MR. GONNION, MR. BORDI, COUNTY OF CAMDEN, CAMDEN COUNTY OFFICE OF THE PROSECUTOR, MS. CORSON, MR. LICK, MR. AULETTO, MR. SNYDER, MR. MAHAN, MS. COGAN, MS. BAKER AND/OR DOES 1-10

275. The allegations of paragraphs 1 through 274 are realleged and incorporated by reference as if fully set forth herein.

276. Defendants Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm, Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi, County Of Camden, Camden County Office Of The Prosecutor, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 intentionally and unlawfully deprived Plaintiff of his liberty by (1) detaining Plaintiff on multiple occasions for several hours without a legal basis to do so; and (2) incarcerated Plaintiff for approximately seven months; and (3) facilitating and assisting with Plaintiff's deprivation of rights and individual liberty. Plaintiff never consented to the detention or the arrest, and Plaintiff never consented to the wrongful deprivations arising out of the unlawful conduct named herein.

51

277. The actions of the Defendants Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm, Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi, County Of Camden, Camden County Office Of The Prosecutor, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 described herein were committed while acting individually or within the scope of their employment, and violated the rights of Plaintiff to be free from (1) arrest and being detained without legal justification, unreasonable probable cause and/or for crimes he did not commit, (2) false complaints that initiate a pre-conviction malicious and/or retaliatory prosecution, and (3) enduring the wrongful and malicious institution of the legal process and detention that results therefrom, and from officials' actions that shock the conscience and upset the balance of "ordered liberty."

278. As a direct and proximate result of the Defendants Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm, Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi, County Of Camden, Camden County Office Of The Prosecutor, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 conduct, Plaintiff has suffered injury, damage, loss, and harm, including, but not limited to, loss of profits and

interference with his financial stability. The wrongful conduct was substantial and caused Plaintiff special grievances in an amount to be proven at trial.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm, Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi, County Of Camden, Camden County Office Of The Prosecutor, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses under 42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

## COUNT XIII
### Intentional Infliction of Emotional Distress
### AGAINST DEFENDANTS MS. RAINES, MS. MOKEN, MS. FERGUSON, MR. COLOZZI, MS. WESCOAT, MS. CORSON, MR. LICK, MR. AULETTO, MR. SNYDER, MR. MAHAN, MS. COGAN, MS. BAKER AND/OR DOES 1-10

279. The allegations of paragraphs 1 through 278 are realleged and incorporated by reference as if fully set forth herein.

280. Defendants' Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 willful acts constitute extreme and outrageous conduct intolerable in a civilized society. The conduct was intended to cause Plaintiff to be singled out and discriminated against because of his gender and unlawfully detained and charged with domestic violence.

281. Defendants Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 intended to cause Plaintiff emotional distress, and/or acted in reckless disregard of the probability of causing Plaintiff emotional distress in committing these acts.

282. The Defendants' Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 conduct has been sufficiently outrageous as to cause the plaintiff to be physically and emotionally damaged. The physical and emotional damage is ongoing and directly caused by the defendants' actions, and has and will in the future suffer damages and losses.

283. As a direct and proximate result of the actions of Defendants' Ms. Raines, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10, Plaintiff suffered and continues to suffer damages and losses, severe mental anguish, and emotional and physical distress.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Defendants Ms. Raines, CCOP, Mr. Auletto, AP Cogan and/or Doe for (a) compensatory damages, (b) attorney's fees and litigation expenses under 42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

### COUNT XIV
### Concealment or Destruction of Evidence
AGAINST DEFENDANTS MS. RAINES, MR. HELMER, MR. CONLEY, MS. TRANI, LAW FIRM, TOWNSHIP OF VOORHEES, VTPD, MR. BORDI, COUNTY OF CAMDEN, CCOP,

## Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10

284. The allegations of paragraphs 1 through 283 are realleged and incorporated by reference as if fully set forth herein.

285. The conduct of the Defendants Ms. Raines, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm, Township Of Voorhees, VTPD, Mr. Bordi, County Of Camden, CCOP, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10 described herein violate the rights of Plaintiff to be free from a willful and/or negligent design to disrupt any litigation of which he is a party by, concealing and/or destroying evidence in the possession and/or control of Defendants Ms. Raines, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm, Township Of Voorhees, VTPD, Mr. Bordi, County Of Camden, CCOP, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10, and where there is a legal obligation to disclose such evidence that he cannot obtain and relies on non-disclosure.

286. As a direct and proximate result of the actions of Defendants' Ms. Raines, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi, County Of Camden, CCOP, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker and/or Does 1-10, Plaintiff suffered and continues to suffer loss of property, financial damages, severe mental anguish, and physical distress.

**WHEREFORE**, Plaintiff Bruce Aristeo demands Judgment against Ms. Raines, Webmarcom LLC, Ms. Moken, Ms. Ferguson, Mr. Colozzi, Ms. Wescoat, Mr. Friedman, Ms. Friedman, Mr. Helmer, Mr. Conley, Ms. Trani, Law Firm,

Township Of Evesham, ETPD, Mr. DeGregorio, Mr. Friel, Township Of Voorhees, VTPD, Ms. Herrington, Mr. Gonnion, Mr. Bordi, County Of Camden, CCOP, Ms. Corson, Mr. Lick, Mr. Auletto, Mr. Snyder, Mr. Mahan, Ms. Cogan, Ms. Baker, and Doe 1-10 for (a) compensatory damages, (b) attorney's fees and litigation expenses under 42 U.S.C. § 1988 and other laws, (c) expert witness fees, (d) costs, (e) interest, (f) punitive damages, and all other relief deemed equitable and just.

## VIII. ADDITIONAL PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bruce Aristeo respectfully requests the additional following relief:

A. Issue an injunction under N.J.S.A. 52:4C-5(a) for damages to Plaintiff, calculated at twice the amount of his income from the year prior to his incarceration, for the 190 days he was falsely incarcerated; and/or

B. Issue an injunction that will mandate institutional changes so that such injustice does not occur again at the expense of Plaintiff Mr. Aristeo and/or other residents of New Jersey; and/or

C. Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on any and all issues triable by a jury.

### NOTICE OF *PER DIEM* TIME-UNIT CLOSING ARGUMENT
PLEASE TAKE NOTICE that Plaintiff(s) will use *per diem* argument during closing argument at Trial and suggest to Jury that unliquidated damages be calculated on a time-unit basis without reference to a specific sum. Proper explanatory instructions to jury shall be requested.

## **DEMAND FOR DISCOVERY**

Plaintiff hereby demands that answering defendants respond to the Notice of Deposition, Request for Production of Documents and Interrogatories that follow.

Respectfully submitted,

**BRUCE ARISTEO**

DATE:      June 2, 2015          Plaintiff, *pro se*

34 Lancelot Lane
Mount Laurel, NJ 08054
Ph:     (856) 437-0778
Fax:    (866) 629-3666

E-Mail: brucearisteo@gmail.com

# EXHIBIT A

# Messages with Jody Raines

Sent on Nov 12, 2010 10:09:26 AM
Thank you for caring for me this morning, and thank you for loving me.

lol... That's what it said before I typed it. What a bugger I am!



This is my lunch break now. If Jackie is coming home tonight, then how can we go to see 2U? It's OK if you have to cancel and stay with Jackie.



Received on Nov 12, 2010 10:13:00 AM
I'll figure it out. Looks like we have the job... He confirmed the meeting for 4 PM.... Is this something you may be interested in working on? It's project based, not hourly... It's 3 sites, all similar,... About $2k + for the three. Has to be in Wordpress tho..

Sent on Nov 12, 2010 10:16:23 AM
Whatever you set up is fine Baby. Sure, I'll do the sites and they will be fabulous!



The hourly thing, are you mentioning that based on what I stated yesterday?



Received on Nov 12, 2010 10:18:10 AM
No. I do some on project basis and others on hourly. We can talk about it. I don't want any of it to ever be an issue. Would rather be open with you.

Sent on Nov 12, 2010 10:22:26 AM
Ok. I was only going to say ignore me yesterday. That attitude cane from something else and had nothing to do with us.

I'm anxious to go over the material with you and work out the sites.



Please don't feel pressured to go out tonight. We had 2 out of this world evening together and we an always see the band another time.

Sent on Nov 12, 2010 10:23:58 AM
My messages are getting all screwed up. I just cleared the memory to fix the problem.





Received on Nov 12, 2010 10:24:06 AM
I will never ignore you, but it seems this is more upsetting to u than to me.

Sent on Nov 12, 2010 10:26:03 AM
Yesterday was, absolutely. Only being clear with you Baby because I care a great deal for you.



Sent on Nov 12, 2010 2:27:58 PM
Hope you're doing better. I'm heading home and canceled my 3:00. It's wonderful out!



Sent on Nov 12, 2010 3:20:55 PM
Call when you're done on the phone... ;-)





Received on Nov 12, 2010 3:46:43 PM
Postponed to 5

Sent on Nov 12, 2010 3:48:09 PM
Bad time to be driving. What time do you have to leave? Can you talk?





Received on Nov 12, 2010 5:20:21 PM
Hey.it's a really cute place.  They are in a conf call so I am waiting.

Sent on Nov 12, 2010 5:23:18 PM
Cool. I'm excited to see the place. I'll see you soon Baby.



:-x

Sent on Nov 12, 2010 6:17:19 PM
Hi Jody, I just found out that my dear friend and father figure died on Wednesday in a motorcycle accident. I don't think I'll be able to enjoy the band. I'm going to stay home and not come up. I am sorry and I love you.



# EXHIBIT B

1           MR. ARISTEO:  The videos were on U-Tube.
2     They were removed from U-Tube by Ms. Raines.  If I
3     reproduce those U-Tube videos, have them reposted, does
4     that violate my bail?
5           THE COURT:  These are -- these are videos
6     that you posted in the first place?
7           MR. ARISTEO:  They were there originally.  U-
8     Tube still has them, they just need to reactivate the
9     account, but they're -- I have to send them a lot of
10    legal documentation and information.  So, if I have
11    them reactivated, does that violate my bail, because in
12    essence, that me, you know, posting something again, if
13    that's following the prosecution's understanding of
14    what posting is.
15          THE COURT:  The videos that -- are all these
16    videos you're talking about, Ms. Cogan, were they on U-
17    Tube?
18          MS. COGAN:  They were videos posted on U-Tube
19    and blogs.  They were downloaded and captured by the
20    State.  They are also on, you know, the genesis of them
21    are the defendant's computers.  It's my understanding
22    Ms. Raines -- well, U-Tube -- once videos are the
23    subject of a criminal indictment, they take them down
24    and they took them down, I believe at the request of an
25    attorney of Ms. Raines.  So, they have been removed,

1     the disparaging, you know, videos where she's
2     personally attacked.
3           MR. ARISTEO:  That's a mischaracterization,
4     Your Honor.  I object to this and I know this is --
5           THE COURT:  Sir, this is not the trial.
6     Don't worry about it, okay?  Go ahead.
7           MS. COGAN:  So that to repost them, for the
8     defendant to seek for them to be reposted, the State
9     would submit that that -- they're the subject of the
10    criminal indictment.
11          THE COURT:  Sir, the videos that you're
12    talking about have been -- Ms. Cogan says captured by
13    the State and provided through discovery, right?
14          MS. COGAN:  Yes, yes.  In their entirety.
15          THE COURT:  All right.  So, they exist for --
16    and are accessible both to you and to Ms. Cogan for
17    purposes of whatever use the State might have of them
18    relative to their prosecution, and for you, relative to
19    any defense.  So, if you have them available, why would
20    they separately need to be posted on U-Tube?
21          MR. ARISTEO:  I brought this up before, Your
22    Honor.  If the prosecution walked in and handed you
23    bullets and said this is -- these are the bullets that
24    killed the person but we don't have the gun, then what
25    is there?  There's nothing.  The U-Tube videos were in

# EXHIBIT C

Bruce Aristeo:  I mean, I don't have, I don't have any income at all from any business or anything like that.

Mr. Simons:  Right.  Well, the thing is, is um, it seems that it was set up; there's a comment on the screen here with your last name, business-to-business consulting.  Now, I'm not sure if that, you know, you're saying that a business-to-business consulting you're doing Internet, you're trying to start an Internet Marketing business, right?

Bruce Aristeo:  Yes that's correct.

Mr. Simons:  Ok.  So I don't know if the business-to-business consulting, where that came from.  Maybe it is.

Bruce Aristeo:  Well, marketing is a consulting thing.

Mr. Simons:  Ok.  So you know, when you're on unemployment, it becomes something that we need to ask you about, because its, we're talking about availability for work.

Bruce Aristeo:  Yes.

Mr. Simons:   Ok. So we're looking at the availability issue. Because when you're on unemployment, you need to be able and available for full time work without any restrictions.

Bruce Aristeo:  Absolutely.  And I mean, you do have it down that I don't have any restrictions, right?  Cause I don't.

Mr. Simons: Well, I don have anything down that you don't have any restrictions, no that's why I'm asking questions.

Bruce Aristeo:  Oh, ok.

# EXHIBIT D

# *i*NTELYS!S CORP.

Jody Raines
PO Box 891
Voorhees, NJ 08043
United States

Tel. 856.429.0325
Toll Free 888.610.8783
Fax 856.429.0539

Address 15 Mechanic Street
Haddonfield, NJ 08033
United States

April 4, 2011

www.intelysis.com

## *Invoice*

| Our File Ref: | 311101 | Invoice No: | U-11-04-339 |
|---|---|---|---|
| File Name: | Aristeo | Client Number: | 58582 |

To: Investigation of Bruce Aristeo.

| | | |
|---|---|---|
| **Our Fee:** | 245.00 |
| **NJST:** | 17.15 |
| **Amount Due:** | **US $ 262.15** |

Terms: Payment Due upon receipt
Our EIN: 52-2101793

Thank you for referring this matter to us, we appreciate your business

0060

# EXHIBIT E

**To:** 'Deb Myerson'
**Subject:** RE: Verification of Mini-MBA in Social Media Marketing

Deb:

We have no record of Bruce Aristeo taking our Mini MBA: Social Media program. I've reached out to our contact at Rutgers to see if he's registered in a different social media program within Rutgers. As soon as I hear back from her I'll let you know.

Please feel free to contact me should you require anything further.
Eileen

*Eileen A. McCartney*
Program Coordinator
Center for Management Development
Rutgers, The State University of New Jersey
94 Rockafeller Road, Suite 215
Piscataway, NJ 08854
Tel: 848.445.5529
Fax: 732.445.5665
emccartney@cmd.rutgers.edu
www.cmd.rutgers.edu

**From:** Deb Myerson [mailto:dmyerson@intelysis.com]
**Sent:** Thursday, March 17, 2011 1:55 PM
**To:** emccartney@cmd.rutgers.edu
**Subject:** Verification of Mini-MBA in Social Media Marketing

Hello Ms. McCartney.

My name is Deb Myerson and I spoke with you about verifying Bruce Aristeo's completion of the Rutgers mini-MBA in Social Media Marketing. I do not have a release from Mr. Aristeo, however, he was a sub-contracted employee of my client. We are conducting an investigation and are therefore attempting to verify the credentials he had provided as a sub contractor. Any help you can provide would be greatly appreciated.

Thank you for your help.

Sincerely,

Deb Myerson
*Deb Myerson| Paralegal| Intelysis | 15 Mechanic Street | Haddonfield, NJ | 08033*
*Phone: 856.429.0325 x227*
*Toll Free: 1.888.610-8783 x227*
*Fax: 856.429.0539*
Web: www.intelysis.com
*Providing critical information that enables sound business decisions*
*due diligence digital forensics employment screening forensic accounting investigations*
Twitter: *http://twitter.com/jerzeydeb*
Twiiter: *http://twitter.com/intelysiscorp*
LinkedIn: *http://www.linkedin.com/in/dmyerson2005/*
Blog: *http://intelysiscorp.blogspot.com/*

2

# EXHIBIT F



From: "Friedman, Michael S. (Philadelphia)" <Michael.Friedman@jacksonlewis.com>
Subject: **Follow up**
Date: April 7, 2011 10:49:57 AM EDT
To: Jody Raines <Jody@WebMarCom.Net>

Hi Jody:

My wife was able to briefly speak with Stephanie at Archer. She said if you are not represented by counsel for this you can call her directly regarding this latest incident, or you can even subpoena her to appear for the hearing against Bruce. You can also have your counsel call her to confirm that this guy showed up at the office, etc. for blackmail purposes. I hope that helps! Best of luck with the hearing and I hope this will get this guy off your back!

Mike

Michael S. Friedman
Attorney at Law

Jackson Lewis LLP
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia PA, 19102
267.319.7802 |Main
267.319.7812 |Direct
Michael.Friedman@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

CCPO/13003505/00000053

# EXHIBIT G

**WARREN W. FAULK**
**CAMDEN COUNTY PROSECUTOR**

**GLADYS E. RODRIGUEZ**
**First Assistant Prosecutor**
**JOSHUA M. OTTENBERG**
**Deputy First Assistant Prosecutor**
**THOMAS J. GARRITY, JR.**
**Chief of Investigators**



# Camden County
### OFFICE OF THE PROSECUTOR

25 North Fifth Street
Camden, New Jersey 08102-1231
Tel: (856) 225-8400   Fax: (856) 963-0080

July 2, 2012

James M. Conley, Esquire
Helmer, Paul, Conley & Kasselman
111 White Horse Pike
Haddon Heights, NJ  08035

By Fax and Regular Mail

Re:   State v. Bruce Aristeo
      Complaints W2011-163-0434 and W2011-641-0434

Dear Mr. Conley:

As I mentioned to you on the telephone, there were 2 harassment complaints that I dismissed in error when I dismissed the indictable Stalking charge against your client. I have enclosed copies of those complaints as I intend to re-file them unless, of course, we can reach a global agreement regarding all pending complaints. To that end, the State will recommend a term of one year of Probation with a psychological evaluation and treatment as recommended on the Violation of Restraining Order charge scheduled for trial on Tuesday, July 10, 2012, and agree not to re-open the Voorhees complaints for harassment from 11/11/11 and 3/28/11.

I am also in receipt of copies of no less that SIX complaints signed by your client against Ms. Raines in Voorhees Township. Those complaints are S2012 -250, 251, 277, 278, 279 and 282. (copies enclosed). Because your client filed a complaint against the Municipal Judge in Voorhees, those complaints have not had a PC determination and were transferred to Gloucester Township for that purpose. I am told that the PC hearing has been postponed until August. If probable cause is found on those complaints, they will all be referred to the Prosecutor's Office.

Your client also filed a similar complaint, alleging perjury, in Camden, which I have already reviewed and dismissed. He has also filed complaints against her in Moorestown and in Evesham Township, the latter causing her to be arrested, handcuffed and fingerprinted. His continuous harassment of Ms. Raines in the various Municipal Courts in the South Jersey is crying out for a new charge of Stalking, which as amended some time in 2009, includes the infliction of emotional distress as one of the potential elements. It is indeed unfortunate that New Jersey does not have an "abuse of process" statute, because that is just what your client is doing.

Very truly yours,

LAURIE A. CORSON
Assistant Prosecutor/Section Chief
Domestic Violence Unit

Enc.

# EXHIBIT H

**WARREN W. FAULK**
**CAMDEN COUNTY PROSECUTOR**

GLADYS E. RODRIGUEZ
First Assistant Prosecutor
JOSHUA M. OTTENBERG
Deputy First Assistant Prosecutor
THOMAS J. GARRITY, JR.
Chief of Investigators



# Camden County
## OFFICE OF THE PROSECUTOR

25 North Fifth Street
Camden, New Jersey 08102-1231
Tel: (856) 225-8400   Fax: (856) 963-0080

July 31, 2012

Honorable Nicholas F. Trabosh, J.M.C.
Gloucester Township Municipal Court
Chews Landing-Clementon Road and Hider Lane
Laurel Springs, NJ 08021

      Re:    State of New Jersey v. Jody Raines
               Voorheees Complaint Nos. S2012-250-0434; S2012-251-0434; S2012-277-0434;
               S2012-278-0434; S2012-279-0434; and S2012-282-0434.

Dear Judge Trabosh:

      Please be advised that the undersigned Assistant Prosecutor intends to supersede in the prosecution of the above-referenced matters presently scheduled before your Honor as conflict matters from Voorhees Township. It is my understanding that all of the above complaints are scheduled for a probable cause hearing on September 6, 2012, at 1:00 p.m.

      As counsel for Mr. Aristeo is aware, it will be the State's position that probable cause is lacking in each and every one of these complaints. Counsel for Mr. Aristeo is also aware that if probable cause is found, I will nevertheless dismiss these complaints administratively in an exercise of prosecutorial discretion. The State believes that there is insufficient evidence, or more accurately, no evidence to support this prosecution. Therefore, I will appear on behalf of the State at the probable cause hearing of this matter and address any arguments of Mr. Aristeo or his counsel if necessary. Until then, I remain,

Respectfully,

LAURIE A. CORSON
Assistant Prosecutor/Section Chief
Domestic Violence Unit.

C:    Honorable Robert T. Zane, III, P.J.M.C.
     Honorable Michael Diamond, J.M.C.
     ✓ James M. Conley, Esquire
     Jack Kennedy, Esquire
     Dina Gattuso, Esquire
     Patty Carroll, Court Administrator

# EXHIBIT I

# Township of
# Evesham

984 Tuckerton Road • Marlton • NJ 08053 • 856-983-2900

Municipal Court
Karen J. Caplan, Judge
Kim Fullerton, Court Administrator
Phone - (856) 983-2929 • Fax - (856) 985-6007

August 23, 2012

James Conley, Esq.
Helmer, Paul, Conley and Kasselman
111 White Horse Pike
Haddon Heights, New Jersey 08035

RE: Bruce Aristeo

Dear Mr. Conley,

This office is in receipt of your correspondence dated August 22, 2012 requesting information on the above named individual.

As we have stated to your office in three phone conversations, and to Mr. Aristeo when he appeared here in our office yesterday, there are no pending or disposed complaints issued against Mr. Aristeo. There is no record of a 'no probable cause' decision. So in other works, there is not record.

I hope this will satisfy your request.

Very truly yours,

Kim Fullerton, CMCA
Court Administrator



INDEPENDENCE • INTEGRITY • FAIRNESS • QUALITY SERVICE

# EXHIBIT J



PREPARED BY THE COURT:

|  |  |
|---|---|
| Plaintiff, | : SUPERIOR COURT OF NEW JERSEY |
| JODY RAINES, | : CHANCERY DIVISION-FAMILY PART |
|  | : CAMDEN COUNTY |
|  | : |
| VS. | : DOCKET NO. FV-04-1476-12 |
|  | : |
| Defendant, | : |
| BRUCE ARISTEO. | :      **CIVIL ACTION** |
|  | : |
|  | :           ORDER |

This matter has been brought before the Court on April 2, 2013 by the Defendant
Bruce Aristeo, Pro Se filing an Emergency Notice of Motion to Clarify and Notice of
Motion to Show Cause and for good cause shown:

IT IS on this  2 nd  day of APRIL, 2013 ORDERED as follows:

1)   The Defendant Bruce Aristeo's Emergency Notice of Motion to Clarify is
     denied.  This Court cannot issue advisory opinions or clarifications as to Mr.
     Aristeo's question regarding the Family Part jurisdiction over a trial by jury for
     civil claims.  The Family Part does not have jurisdiction over any civil claims
     filed by Mr. Aristeo in the Law Division and Judge Millenky has addressed those
     issues in his decision.

2)   The Notice of Motion to Show Cause is procedurally deficient and therefore is
     denied.

3)   The Notice of Motion to Show Cause, if interpreted by the Court as an Order to
     Show Cause, is denied because Mr. Aristeo has failed to demonstrate any
     immediate or irreparable harm requiring emergent action by the Court.

                                                    NAN S. FAMULAR, J.S.C.